[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10534

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIO MAXIMO MEDINA-QUIJIJE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00232-VMC-TGW-2

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

The United States Coast Guard intercepted a boat transporting 706 kilograms of cocaine in international waters. Mario Medina-Quijije claimed an Ecuadorian registry for the boat but because Ecuador could neither confirm nor deny his claim, the boat became subject to the jurisdiction of the United States under the Maritime Drug Law Enforcement Act. Medina-Quijije now challenges the constitutionality of his prosecution under the Act.

## I.

In June 2022, a United States Coast Guard helicopter identified a boat called a "go-fast vessel" in a known drug-trafficking area 140 nautical miles east of Isla San Cristobal, the Galapagos Islands, Ecuador. The Coast Guard intercepted and boarded the boat, which had no registration documents and did not fly a flag. Mario Medina-Quijije, the master of the vessel, claimed an Ecuadorian registry for the boat, but Ecuador could neither confirm nor deny its nationality. The Coast Guard searched the boat, discovering 706 kilograms of cocaine in a hidden compartment.

Medina-Quijije was indicted for conspiring to possess—and aiding and abetting the possession of—five or more kilograms of cocaine with the intent to distribute it while onboard a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act. The district court denied

his motion to dismiss the indictment for lack of jurisdiction, and Medina-Quijije eventually pleaded guilty. The district court sentenced him to 108 months' imprisonment. This is his appeal.

## II.

We review a district court's subject-matter jurisdiction de novo. *See United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). We also review de novo the constitutionality of a statute. *Id.*

## III.

The Felonies Clause empowers Congress to "define and punish . . . Felonies committed on the high Seas." U.S. Const. art. I, § 8, cl. 10. Pursuant to this authority, Congress enacted the Maritime Drug Law Enforcement Act, which criminalizes possessing with intent to distribute controlled substances while on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a), (e). Relevant here, a vessel is subject to the jurisdiction of the United States when it is "a vessel without nationality." *Id.* § 70502(c)(1)(A). A vessel without nationality includes "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C).

Medina-Quijije raises three issues on appeal. Because each is squarely resolved by our precedent, we affirm. *First*, Medina-Quijije argues that the Act is unconstitutional because its definition of a stateless vessel conflicts with international law. But "the Felonies Clause is not limited by customary international law."

*Alfonso*, 104 F.4th at 826. International law, then, "cannot limit Congress's authority to define 'stateless vessel' for purposes of the [Act]." *United States v. Canario-Vilomar*, 128 F.4th 1374, 1381 (11th Cir. 2025).

*Second*, he asserts that the Felonies Clause does not establish a basis for his prosecution because there was no nexus between the go-fast vessel and the United States. This argument fares no better. A nexus to the United States is not a prerequisite to prosecution under the Act. *See United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020). The Act "is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes *without* a 'nexus' to the United States." *Id.* (emphasis added); *see United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014).

*Finally*, Medina-Quijije argues that the prosecution violated his due process rights because his offense lacked a nexus to the United States. Not so. The "Due Process Clause of the Fifth Amendment does not prohibit" the "conviction of an alien captured on the high seas while drug trafficking, because the Act provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Campbell*, 743 F.3d at 812.

★    ★    ★

We **AFFIRM** the district court's judgment.